IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DONNA MILLIGAN, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE AND EXECUTOR OF THE ESTATE OF
JOHN MILLIGAN, Deceased                                                         PLAINTIFF

v                                        1:07CV00003-WRW

YELLOW TRANSPORTATION, INC.                                            DEFENDANT

JUDGMENT ORDER APPROVING SETTLEMENT
AND DISTRIBUTION OF PROCEEDS

From the pleadings, statements of counsel, taking testimony from the interested persons, and evidence presented at the hearing held yesterday, September 26, 2007, the court finds and rules as follows:

1.  All potentially interested were notified of the September 26, 2007, hearing. Only Mrs. Donna Milligan appeared.

2.  John Milligan, born on December 5, 1948, died on February 18, 2006, nine days after the vehicle he was operating was struck by a trailer operated by Yellow near Mammoth Springs, Arkansas. He and his wife, Donna Milligan, were residents of Linn County, Missouri at that time.

3.  Donna Milligan was appointed the Personal Representative and Executor of the Estate of John Milligan by the Circuit Court for Linn County, Missouri, and prosecuted a suit against Yellow for the wrongful death of John Milligan.

4.     This suit is founded upon claims that Yellow improperly loaded, inspected, and operated its trailers which led to a trailer flipping onto its side and into the path of the truck John Milligan was operating.  The parties conducted substantial investigation and discovery related to all aspects of the case.  Yellow denies liability and the extent of the damages claimed.

5.     After a pre-trial mediation and subsequent settlement conference, the parties reached a settlement agreement and plaintiff Donna Milligan as Administrator and individually consented to the settlement on behalf of herself and all of the other beneficiaries, as she believes it is in their best interest.

6.     The settlement was fair and at arms length, and is based on the understanding and representations that there is dispute over numerous issues of liability and the nature and extent of the damages claimed.

7.     The petitioner has agreed to pay attorney's fees of 33 and 1/3 of any amounts payable in a judgment or settlement after expenses of prosecuting the case to Holland, Groves, Schneller & Stolze, LLC.  Total expenses are $30,058.76 and the fee is $823,313.75.  The court hereby finds that the fees and expenses are fair and reasonable given the nature of the case and work performed.

8.     The court authorizes the payment of the liens of Air Evan Life team in the amount of $9,084.00, Ozarks Medical Center $5,135.49 and U.S. Specialty Insurance Company in the amount of $150,000.00.  After the attorney's fees, expenses and liens are paid the amount remaining for the beneficiaries is $1,483,435.10.

9. The Court finds that the great majority of the contacts in this matter were and are with the State of Missouri, including the residency of all of the potential beneficiaries and the deceased. As a result, the Court finds that Missouri law is controlling and that Donna Milligan will receive the remainder of all settlement monies after all attorney's fees, expenses, liens and costs.  Clara Milligan, John Milligan's mother, shall receive nothing, pursuant to her request. The court further finds that this is fair and reasonable under all of the circumstances.  However, at the request of Donna Milligan, each of John Milligan's siblings (Clark Milligan, Mary Hillerman, Lori Keune, Daymen Milligan, and Roy Dale Milligan) will receive $5,000.00.  Further, Kyle Adamek and Katie Webb, with whom John Milligan stood in loco parentis, will receive $5,000.00 each and Tyler Adamek, with whom John Milligan stood in loco parentis at the time of John Milligan's death, will receive $15,000.00.

It is hereby ordered, adjudged and decreed that the settlement of the above captioned  matter is approved as fair and reasonable under the circumstances and Plaintiff and her legal counsel are authorized to take such actions as are necessary to accept the settlement proceeds, pay the attorney fees and costs, and liens, and distribute the remainder to the next of kin as stated above, without further authorization, and then releasing Plaintiff from further obligation or duty.  The above captioned case is hereby dismissed with prejudice, each party to bear her/its own costs.

SO ORDERED this 27th day of September, 2007.

/s/Wm. R. Wilson, Jr.
UNITE  STATES DISTRICT JUDGE